IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TEQUILLA FIELDS, OK2327,  )
    Petitioner,  )
                                                     )
    v.  )   2:12-cv-431
                                                     )
SUPERINTENDENT, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

       Presently before the Court for disposition is the Commonwealth's Motion to Dismiss (ECF.No.9). For the reasons set forth below, the motion will be granted and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

       Tequilla Fields, an inmate at the State Correctional Facility at Muncy has presented a petition for a writ of habeas corpus which she has been granted leave to prosecute in forma pauperis. Fields is presently serving life sentence imposed following her conviction, by a jury, of second degree murder, arson-endangering persons, arson-endangering property, cruelty to animals and criminal conspiracy at Nos. CC 200503061 and CC200505726, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 19, 2005.[1]

       An appeal was taken to the Superior Court on November 15, 2005 and on January 22, 2007, the conviction and sentence were affirmed and leave to appeal to the Pennsylvania Supreme Court was denied on June 26, 2007.[2]

       On May 10, 2008 a post-conviction petition was filed and relief was denied on March 26, 2009. An appeal to the Superior Court was filed and on July 28, 2010 the denial of relief was affirmed and leave to appeal was denied by the Pennsylvania Supreme Court on June 8, 2011.[3]

---

[1] See: Petition at ¶¶ 1-6
[2] See: Exhibit 1 to the answer of the Commonwealth at pp.7 ,9
[3] See: Id. at pp.9,11 and 13.

In the instant petition which was executed on March 21, 2012, Fields contends she is entitled to relief on the following grounds:

1. Son's life was in jeopardy from lethal effects of asthma as a result of toxic dog.

2. [Petitioner] motivated to save child's life from suffocation secondary to asthma. Not malice. No criminal intent or actions.

3. No chain of custody of accelerant evidence.

4. Attorney did not consider [petitioner] was acting to protect her child, totally ignored or was ignorant of justification, or that she did not cause or approve the fire which her friend started independently of petitioner.[4]

The factual background to this prosecution is set forth at length in the July 28, 2010 Memorandum of the Superior Court which Fields has submitted with her petition. Suffice it to say the facts of this bizarre case are that the petitioner and her two young children were forced to live with her mother who owned a dog to which petitioner believed her son was allergic. After unsuccessfully trying to lose the dog, petitioner and her codefendant decided to douse the dog with kerosene and set it on fire. Apparently, the codefendant ignited the kerosene and the dog ran into the house setting it on fire resulting in the death of petitioner's two children.[5]

The Commonwealth has now moved to dismiss the instant petition as time barred. It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] See: Petition at ¶12.
[5] See: Document 1-4

> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". <u>Pace v. DiGulglielmo</u>, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied June 26, 2007 and certiorari was not sought. For this reason her conviction became final on September 24, 2007 at the expiration of the time period in which to seek certiorari. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until May 10, 2008 or 229 days after her conviction became final; the petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on July 28, 2010 and leave to appeal to the Pennsylvania Supreme Court was denied on June 26, 2007. The instant petition was executed on March 21 2012 or almost nine months after it could have been submitted.[6] Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Accordingly, the respondents' motion to dismiss will be granted.

An appropriate Order will be entered.

---

[6] In her "answer" to the Commonwealth's motion to dismiss the petitioner seeks to invoke equitable tolling based on the actions of her counsel resulting in an "irrational verdict" and her actual innocence. These claims are unavailing here.

ORDER

AND NOW, this 31st day of May, 2012, for the reasons set forth in the foregoing Memorandum, the Motion to Dismiss submitted on behalf of the respondents (ECF No.9) is GRANTED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

The parties are advised that pursuant to Rule 4(a) F.R.App.P any party desiring to file an appeal must do so within thirty (30) days of this date.

s/ Robert C. Mitchell  
United States Magistrate Judge